**AFFIRMED and Opinion Filed October 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00388-CV

## IN THE INTEREST OF K.G.R., A CHILD

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 90189**

## MEMORANDUM OPINION
Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Mother appeals the trial court's termination of her parental rights to her adoptive daughter and biological great-granddaughter, K.G.R. After a bench trial, the trial court entered an order in which it found by clear and convincing evidence that Mother had a mental deficiency that rendered her unable to care for K.G.R. and that termination was in K.G.R.'s best interest. *See* TEX. FAM. CODE ANN. § 161.003(a). Mother's appointed appellate counsel filed a motion to withdraw and an *Anders*[1] brief in support of the motion. We affirm the order of termination but deny the motion to withdraw.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

## BACKGROUND

When K.G.R. was born in November 2011, she was adopted by her biological great-grandmother, the Mother in this appeal. On July 9, 2021 The Texas Department of Family and Protective Services ("Department") filed a petition seeking to terminate Mother's parental rights to K.G.R. The Department became involved after concerns arose regarding Mother's cognitive capabilities. Upon confirmation through initial investigation by Cassandra Morano, an investigator at the Department, the Department removed K.G.R. from the home.

By the time of trial, Mother had been moved into a nursing home, and K.G.R. was in a legal-risk placement.[2] The trial court appointed guardians ad litem for both Mother and K.G.R. Mother's appointed trial counsel filed a counter-petition requesting that K.G.R. be returned to her possession. A bench trial commenced on February 11, 2021.[3]

At trial, Dr. Gina Rushing testified that Mother had been diagnosed with Alzheimer's disease, neurocognitive expression deficit, and anxiety. Dr. Rushing explained that these mental disorders prohibit Mother from participating in the activities of daily living, such as bathing, feeding, and clothing herself and providing herself with shelter. Dr. Rushing opined that, to a reasonable degree of medical

---

[2] A legal-risk placement is "the placement of a child into an adoptive home prior to a final order terminating parental rights." *In re N.F.*, No. 07-18-00104-CV, 2018 WL 3653545, at *2 n.4 (Tex. App.—Amarillo Aug. 1, 2018, pet. denied).

[3] At time of trial, Mother's guardian ad litem, having filed his report with the Court, was released from attendance, as Mother was also represented by counsel.

certainty, Mother would not be able to overcome the negative aspects of dementia in the future. Dr. Rushing further opined that Mother would be unable to provide care to K.G.R. from then until K.G.R.'s eighteenth birthday.

The trial court also heard testimony from the primary and conservatorship case workers assigned to the case. Karen Logan, the primary case worker, testified that in light of Mother's mental illness, the Department determined that there were no services Mother could perform that would allow K.G.R. to be reunited with Mother.[4] Logan, as well as the conservatorship case worker, Natalie Zapata, interviewed and investigated three other potential family members for purposes of placement but none satisfied Department criteria. Trial reconvened on April 18, 2021, and the trial court ultimately granted the Department's request for termination on April 20, 2021. This appeal followed.[5]

## DISCUSSION

"[T]he natural right existing between parents and their children is of constitutional dimension." *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014) (citing *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). Consequently, termination proceedings are strictly scrutinized. *Id.* (citing *In re G.M.*, 596 S.W.2d 846, 846

---

[4] At trial, Mother's cognitive issues were not disputed, and her counsel stipulated "to the grounds part of the termination." Mother's focus was on what was in the best interest of the child, argued to be a family member or fictive kin placement.

[5] At the end of trial, Mother's attorney informed the trial court that Mother's condition prevented her from waiving her rights to appeal and requested that the trial court appoint appellate counsel. The trial court did so, and Mother's appellate counsel timely filed a notice of appeal on Mother's behalf.

(Tex. 1980)). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007; *In re C.H.*, 89 S.W.3d at 25–26.

A trial court may order termination of the parent-child relationship in a suit filed by the Department if the court finds that:

(1) the parent has a mental or emotional illness or a mental deficiency that renders the parent unable to provide for the physical, emotional, and mental needs of the child;

(2) the illness or deficiency, in all reasonable probability, proved by clear and convincing evidence, will continue to render the parent unable to provide for the child's needs until the 18th birthday of the child;

(3) the department has been the temporary or sole managing conservator of the child of the parent for at least six months preceding the date of the hearing on the termination held in accordance with Subsection (c);

(4) the department has made reasonable efforts to return the child to the parent; and

(5) the termination is in the best interest of the child.

TEX. FAM. CODE. ANN. § 161.003(a). Here, the trial court made affirmative findings on all five elements in its order of termination.

—4—

On appeal, Mother's counsel has filed an *Anders* brief and a motion to withdraw. Mother's counsel avers that she reviewed the record and has found no non-frivolous errors to advance in this appeal. Counsel also certifies that a copy of the motion was forwarded to Mother's guardian ad litem with notice of Mother's right to object to the motion.[6] Mother's appellate guardian ad litem filed a brief arguing that there was insufficient evidence to support termination of Mother's parental rights.

The procedures set forth in *Anders v. California* are applicable to an appeal from a trial court's order terminating parental rights when an appellant's appointed appellate counsel concludes that there are no non-frivolous issues to assert on appeal. *In Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing *Anders*, 386 U.S. at 738); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). This Court is not required to address the merits of each claim raised in an *Anders* brief or a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d at 850 (citing *Bledsoe*, 178 S.W.3d at 827). Instead, our duty is to determine whether there are any arguable grounds for reversal and, if so, to

---

[6] The guardian ad litem and attorney appointed to represent Mother were released by the trial court in the order of termination. Thus, at the time Mother's appellate counsel filed the *Anders* brief and motion to withdraw, Mother was not represented by a guardian ad litem. On our own motion, we abated this appeal and remanded this case to the trial court with an order to appoint a guardian ad litem for Mother for this appeal. We did so because, under *Anders*, Mother has the right to object or respond to her appointed counsel's *Anders* brief and motion to withdraw. Based upon the trial record we determined that, without a guardian ad litem on appeal, this right could not be protected or preserved. On remand, the trial court appointed a new guardian ad litem, and we reinstated this appeal.

remand the case to the trial court so that new counsel may be appointed to address the issues. *See Id.*

We conclude Mother's brief meets the requirements of *Anders*. Further, we reject Mother's argument that insufficiency of the evidence supporting the trial court's best-interest findings is a non-frivolous ground on which this appeal can be maintained. When determining if termination is in the child's best interest, courts consider the following factors:

(1) the desires of the child;

(2) the emotional and physical needs of the child now and in the future;

(3) the emotional and physical danger to the child now and in the future;

(4) the parental abilities of the individuals seeking custody;

(5) the programs available to assist these individuals to promote the best interest of the child;

(6) the plans for the child by these individuals or by the agency seeking custody;

(7) the stability of the home or proposed placement;

(8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(9) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These factors are not exhaustive, and there is no requirement that the Department prove all factors as a condition precedent to termination. *In re C.H.*, 89 S.W.3d at 27. In some cases, undisputed evidence of just one factor may be sufficient to support a finding that termination is in the best interest of the child. *Id.*

Here, Mother conceded that she suffers from a mental illness that renders her unable to provide for K.G.R.'s physical, emotional, and mental needs and that her mental illness will in all reasonable probability continue until K.G.R. reaches the age of eighteen. *See* TEX. FAM. CODE. ANN. § 161.003(a)(1)–(2). Although Mother challenges the sufficiency of the evidence supporting the best-interest factors, her concession is dispositive as to the fourth factor, which required the trial court to consider her parental abilities. We conclude that, irrespective of the evidence supporting the other factors, this is the type of case where the "undisputed evidence of just one factor [is] sufficient to support a finding that termination is in the best interest of the child." *See In re C.H.*, 89 S.W.3d at 27. Allowing a child to remain in the custody and care of a parent who lacks the ability to care for herself, let alone the child, cannot be in the child's best interest.[7]

In addition to the sufficiency grounds raised by Mother through her guardian ad litem, we have independently reviewed the whole record and agree the appeal is frivolous and without merit. Based upon the record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that the grounds for termination existed in compliance with section 161.003(a) and that termination of Mother's rights was in K.G.R.'s best interest. We find nothing in the record that could arguably support the appeal.

---

[7] Mother's guardian ad litem at trial indicated in his report that Mother was in need of a guardian for herself and for her estate if she has one.

However, we cannot grant the motion to withdraw filed by Mother's counsel in light of *In re P.M.* because it does not show "good cause" other than counsel's determination that an appeal would be frivolous. *See In re P.M.*, 520 S.W.3d at 27–28 ("[A]n Anders motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."); *see also In re Y.D.*, No. 05-16-00410-CV, 2016 WL 4701438, at *1 (Tex. App.—Dallas Sept. 8, 2016, no pet.) (no good cause shown where only ground for withdrawal was that appeal was frivolous). The supreme court has held that in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27–28. It is undisputed that Mother has cognitive impairment and lacks the ability to waive her right to appeal. Accordingly, we deny the motion to withdraw.[8] *See id.*

## CONCLUSION

We conclude that there is no non-frivolous basis for this appeal and affirm the trial court's judgment. We further conclude that Mother's counsel has not shown good cause to withdraw and deny counsel's motion to withdraw.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220388F.P05

---

[8] In the motion, Mother's counsel requests in the alternative that we "set this matter for a hearing so that Movant may present evidence in support of this motion." We deny the request.

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.G.R., A CHILD

No. 05-22-00388-CV

On Appeal from the 354th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 90189.
Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. The motion to withdraw filed by appellant's counsel is **DENIED** as premature.

Judgment entered October 21, 2022.